IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS ALLEN DARBY,

       Petitioner,

  v.

K. ALLISON, Warden,

       Respondent.

_____/

No. C 11-0582 CW (PR)

ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS PETITION AS
UNEXHAUSTED; REQUIRING
PETITIONER'S ELECTION REGARDING
MIXED PETITION

(Docket no. 7)

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, raising four claims.  In an Order dated April 15, 2011, the Court ordered Respondent to show cause why the petition should not be granted.

Before the Court is Respondent's motion to dismiss the petition for failure to exhaust state court remedies.  (Docket no. 7).  Petitioner filed an opposition to the motion and Respondent filed a reply.

BACKGROUND

In March 2008, Petitioner was convicted of indecent exposure and possession of child pornography.  (Mot. to Dismiss, Ex. 1 at 2-3).

Petitioner appealed his conviction to the California Court of Appeal and, in February 2009, the California Court of Appeal affirmed the judgment.  (Mot. to Dismiss, Ex. 1).  Petitioner did not seek review in the California Supreme Court.  (Mot. to Dismiss, Ex. 2 at 2).

In April 2009, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which denied it in

United States District Court
For the Northern District of California

August 2009.  (Mot. to Dismiss, Ex. 3 & 4).

In September 2009, Petitioner filed a petition for a writ of habeas corpus in the Sonoma County Superior Court, which denied it in November 2009.  (Mot. to Dismiss, Ex. 5).

In March 2010, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, which denied it in April 2010.  (Mot. to Dismiss, Ex. 6).

In May 2010, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which denied it in November 2010.  (Mot. to Dismiss, Exs. 7 & 8).

Petitioner filed the instant petition in February 2011.

DISCUSSION

A.   Legal Standard

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254 (b), (c); Rose v. Lundy, 455 U.S. 509, 515 (1982).

The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts.  Id.; Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003)(en banc). A federal district court must dismiss a federal petition containing any claim as to which state remedies have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273-74 (2005).

The exhaustion-of-state-remedies doctrine reflects a policy of

1   federal-state comity "to give the state the initial 'opportunity to

2   pass upon and correct' alleged violations of its prisoners' federal

3   rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(citations

4   omitted).  "Fair presentation requires that the petitioner describe

5   in the state proceedings both the operative facts and the federal

6   legal theory on which his claim is based so that the state courts

7   have a fair opportunity to apply controlling legal principles to

8   the facts bearing upon his constitutional claim." Davis v. Silva,

9   511 F.3d 1005, 1009 (9th Cir. 2008).  Thus, a claim raised in state

10  court "must include reference to a specific federal constitutional

11  guarantee, as well as a statement of the facts that entitle the

12  petitioner to relief." Id.  The specific factual basis of the

13  federal claim must be presented to the highest state court.  See

14  Kelly v. Small, 315 F.3d 1063, 1067-1069 (9th Cir. 2003)(finding

15  ineffective assistance of counsel claim unexhausted where specific

16  instances of ineffectiveness were not found in petition presented

17  to the California Supreme Court).

18  B.   Analysis

19       Petitioner raises four claims in his petition: (a) claims one

20  and three: that he is actually innocent of the crime for which he

21  was convicted and the state courts wrongly refused to consider

22  evidence of his innocence; (b) claim two: that the Wende brief

23  (People v. Wende, 25 Cal. 3d 436 (1979)) filed by appellate counsel

24  denied him due process of law and unfairly limited his appeal

25  options; and (c) claim four: ineffective assistance of counsel in

26  violation of the Sixth Amendment, based on counsel's inadequate

27  challenge to violations of the Fourth and Fifth Amendments.

28       Respondent argues that Petitioner has filed a petition

**United States District Court**
For the Northern District of California

1   containing one arguably exhausted claim and three unexhausted

2   claims and, therefore, asks the Court to dismiss the petition.

3        1.   Actual Innocence

4        Claims one and three both are actual innocence claims that

5   were not raised in any of Petitioner's California Supreme Court

6   petitions.  Accordingly, these claims are unexhausted.[1]

7        2.   Ineffective Assistance of Appellate Counsel

8        Petitioner's second claim is that he was denied due process,

9   in violation of the Fourteenth Amendment, by appellate counsel's

10  filing of a <u>Wende</u> brief in the California Court of Appeal.

11       Respondent argues the claim is unexhausted because it was not

12  raised in Petitioner's first California Supreme Court petition,

13  and only was incorporated by reference into Petitioner's second

14  California Supreme Court petition, in violation of the California

15  Rules of Court.  The Court disagrees.

16       In Petitioner's first California Supreme Court petition, filed

17  on April 9, 2009, he raised the following claim, designated as

18  Ground 3:

19       Ineffective Assistance of Appellate Counsel, Resulting in
         Failure of Appellate Process, a Violation of the Sixth
20       Amendment to the U.S. Constitution

21       a. Supporting facts:

22       Appellate counsel, who also represented Petitioner on
         appeal from a 1977 conviction, failed to brief issues
23       that Petitioner/Appellant felt were important, and rather
         chose to file a limited "Wende" brief, which put the
24       burden not upon herself but upon an emotionally and

25

26       [1] If it is Petitioner's intent to raise a claim that his
    motion for a new trial to present evidence of his innocence was
27  wrongly denied, such a claim is different from an actual innocence
    claim.  Because Petitioner, in the instant petition, has not raised
28  a claim specifically challenging the denial of his motion for a new
    trial, the Court makes no determination as to whether such a claim
    is exhausted for purposes of federal review.

**United States District Court**
For the Northern District of California

1

> physically-challenged unlearned Appellant to present all
> his issues as best he could in a "Supplemental Brief."
> Thus the Petitioner/Appellant did not receive adequate
> legal representation during a complex process.  In fact,
> she sent the entire "Record on Appeal" to Petitioner,
> abandoning him to his own devices after filing the Wende
> brief.  This failure to properly represent Petitioner is
> a violation of the guarantees of the Fourth Amendment to
> the U.S. Constitution.

Mot. to Dismiss, Ex. 3 at 5.

In the present petition, Petitioner states the following in

support of claim two:

> [T]he "Wende" brief filed by Petitioner's appellate
> counsel denied Petitioner's right to due process of law
> and unfairly limited his appeal options.
>
> Supporting Facts
>
> The appointed appellate attorney, over the objections of
> the petitioner, filed a "Wende" brief basically stating
> that she saw no appealable issues, thus leaving the Court
> to analyze the case from the record and from the confused
> petitioner's handwritten brief.  This left him no other
> means to present his issues outside of a subsequent
> Habeas Corpus petition.

Pet., Attach. at 1.

The notable difference between the claim presented by

Petitioner to the California Supreme Court and the claim presented

here is that Petitioner, in the present petition, claims the filing

of the Wende brief violated his Fourteenth Amendment right to due

process, while in the state court petition he claims his Sixth and

Fourth Amendment rights were violated.  Although a petitioner

cannot seek habeas corpus relief in federal court based on

arguments not raised in state court, the Court finds, in this

instance, that it would have been clear to the California Supreme

Court that Petitioner's intent was to raise an ineffective

assistance of appellate counsel claim under the Fourteenth

Amendment.

**United States District Court**
For the Northern District of California

1     In particular, although Petitioner, in the state petition,

2   cited as the basis for his claim the Sixth Amendment, which

3   pertains to the ineffective assistance of trial counsel, he made

4   clear that he was challenging appellate counsel's abuse of the

5   <u>Wende</u> procedure and failure to file a merits brief.  The <u>Wende</u> case

6   flows directly from the United States Supreme Court's decision in

7   <u>Anders v. California</u>, 386 U.S. 738 (1967), which established the

8   procedures appellate counsel must follow in order to protect a

9   criminal defendant's Fourteenth Amendment right to due process when

10  faced with a trial record containing no meritorious grounds for

11  appeal.  While a California prisoner cannot state a constitutional

12  claim simply because the <u>Wende</u> procedure was used, appellate

13  counsel's failure to discover non-frivolous issues and raise them

14  on appeal can amount to constitutionally inadequate representation.

15  <u>Smith v. Robbins</u>, 528 U.S. 259, 284-85 (2000).

16    Based on the above, the reasonable inference to be drawn is

17  that Petitioner's citation to the Fourth Amendment in Ground 3 of

18  his state petition was his attempt to set forth the non-frivolous

19  issue or issues he believed appellate counsel failed to raise.

20  Further, because the proper standard for reviewing an ineffective

21  assistance of appellate counsel claim is that enunciated for

22  violations of the Sixth Amendment right to the effective assistance

23  of trial counsel in <u>Strickland v. Washington</u>, 466 U.S. 688 (1984),

24  <u>see</u> <u>Smith</u>, 528 U.S. at 285, Petitioner's citation to the Sixth

25  Amendment in his state petition did not obviate the overarching due

26  process issue.

27    Accordingly, although Petitioner cited to the Sixth and Fourth

28  Amendments in support of Ground 3 of his state petition, the Court

**United States District Court**
For the Northern District of California

1  finds the California Supreme Court would have understood that

2  Petitioner was raising a Fourteenth Amendment ineffective

3  assistance of appellate counsel claim.  The Court concludes,

4  therefore, that Petitioner fairly presented to the state court what

5  is now claim two in the present petition; thus, the claim is

6  exhausted.[2]

7       3.   Ineffective Assistance of Trial Counsel

8       In claim four of the present petition, Petitioner alleges

9  ineffective assistance of trial counsel because counsel did not

10 adequately protect Petitioner's Fourth Amendment rights pertaining

11 to illegal searches and seizures, and his Fifth Amendment right

12 against compelled self-incrimination.

13      This claim was not presented to the California Supreme Court

14 for review.  Although, as discussed above, Petitioner cited to the

15 Fourth Amendment in his ineffective assistance of appellate counsel

16 claim in his first California Supreme Court petition, he did not

17 specify the nature of the Fourth Amendment violation, nor did he

18 claim that his trial counsel was ineffective.  Additionally,

19 Petitioner did not raise any ineffective assistance of trial

20 counsel claim in his second California Supreme Court petition.

21      As in Kelly, 315 F.3d at 1067-1069, where the ineffective

22 assistance of counsel claim was unexhausted because the specific

23 instances of ineffectiveness were not presented to the California

24 Supreme Court, Petitioner here did not present the specific

25 ─────────────

26      [2]Because the Court finds the claim was fairly presented in the
   first California Supreme Court petition, it does not reach
27 Respondent's argument that Petitioner's attempt to incorporate the
   claim into the second California Supreme Court petition by
28 reference to attachments to the petition did not satisfy the
   exhaustion requirement.

instances of ineffective assistance of trial counsel regarding the illegal searches and seizures and the right against compelled self-incrimination in either of his California Supreme Court petitions. Therefore, the present ineffective assistance of trial counsel claim is unexhausted because the state court did not have a fair opportunity to rule on its merits.

C.   Mixed Petition

Based on the above, the Court finds Petitioner has filed a mixed petition composed of one exhausted claim and three unexhausted claims. A district court must dismiss such mixed petitions. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Before entering a judgment of dismissal, however, a district court must provide a petitioner with an opportunity to amend the mixed petition by striking his unexhausted claims. Jefferson v. Budge, 491 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)). Alternatively, a court may stay the mixed petition while the petitioner returns to state court to exhaust the unexhausted claims. Rhines, 544 U.S. at 277.

Accordingly, Petitioner may choose either (1) to amend his petition by deleting his unexhausted claims and proceeding only with his exhausted claim, or (2) to request a stay of his petition while he exhausts his unexhausted claims in state court. Petitioner is advised, however, that if he strikes the unexhausted claims and proceeds only with his exhausted claim, the abuse of the writ doctrine will bar him from raising the unexhausted claims in future federal habeas proceedings. Alternatively, if Petitioner chooses to stay the instant petition and then exhausts his unexhausted claims by way of a state habeas petition, he may move

United States District Court
For the Northern District of California

to amend the present petition to add the newly-exhausted claims.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Respondent's motion to dismiss the petition as unexhausted is GRANTED.  The petition is DISMISSED WITH LEAVE TO AMEND.

2.    No later than thirty (30) days from the date of this Order, Petitioner must submit either a request to dismiss his unexhausted claims and proceed only with his exhausted claim (claim two), or a request to stay the petition while he returns to state court to exhaust his unexhausted claims.  If he does neither, the Court will dismiss the petition without leave to amend for failure to exhaust state judicial remedies.

This Order terminates Docket no. 7.

IT IS SO ORDERED.

Dated: 3/16/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE