IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN DARBY, | No. C 11-0582 CW |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. ALLISON, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner Thomas Allen Darby, a state prisoner, filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction.  He asserts three claims as they relate to his indecent exposure conviction: (1) abuse of discretion by the trial court when it denied his motion for a new trial; (2) ineffective assistance of counsel based on (a) trial counsel's failure to argue sufficiently his motion to suppress and failure to argue his motion for a new trial and (b) appellate counsel's filing of a Wende brief (see People v. Wendy, 25 Cal. 3d 436 (1979)); and (3) actual innocence.  Respondent has filed an answer and a memorandum in support thereof and Petitioner has filed a traverse.  For the reasons discussed below, the Court DENIES the petition.

BACKGROUND

I.  Procedural History

In March 2008, at a bench trial, Petitioner was convicted of indecent exposure and possession of child pornography, and sentenced to nine years in state prison.  Ex. 1 at 195.

United States District Court
For the Northern District of California

Petitioner appealed his conviction to the California Court of Appeal and, in February 2009, the California Court of Appeal affirmed the judgment in an unpublished opinion.  Ex. 7. Petitioner filed a petition for rehearing, which was denied.  Exs. 8 and 9.  Petitioner did not seek review in the California Supreme Court.

In April 2009, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.  Ex. 11. Petitioner asserted three claims: (a) that he was denied due process of law when the trial court judge denied his motion for a new trial; (b) that his September 2007 arrest, and the search of his computer, violated his Fourth and Fifth Amendment rights; and (c) ineffective assistance of appellate counsel.  The California Supreme Court denied the petition in August 2009.  Ex. 12.

In September 2009, Petitioner filed a petition for a writ of habeas corpus in the Sonoma County Superior Court.  Ex. 13. Petitioner asserted five claims: (a) that he was denied due process of law when the trial court judge denied his motion for a new trial; (b) that the Marsden process (see People v. Marsden, 2 Cal. 3d 118 (1970)) put him in the position of a prosecutor in an adversarial position with his own counsel in violation of the Sixth and Fourteenth Amendments; (c) that the search of his computer violated the Fourth Amendment; (d) that the prosecutor committed misconduct in violation of the Fifth, Sixth and Fourteenth Amendments; and (e) that he was prejudiced by being handcuffed and dressed in jail clothing during the trial.  The Superior Court denied the petition in November 2009, stating that his first three claims and his fifth claim could have been raised

or were raised on appeal, and thus were procedurally barred.  Ex. 14.  It further held that he failed to show that either his trial lawyer's or appellate lawyer's performance was deficient or that such deficient performance was prejudicial.

In March 2010, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, which denied it in April 2010, stating that "habeas corpus cannot serve as a second appeal."  Ex. 15.

In May 2010, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which denied it in November 2010.  Exs. 16 and 17.

In February 2011, Petitioner filed a timely petition for a writ of habeas corpus in this Court.  Docket No. 1.  Petitioner asserted four claims: (a) claims one and three: that he is actually innocent of the crime for which he was convicted and the state courts wrongly refused to consider evidence of his innocence; (b) claim two: that the Wende brief filed by appellate counsel denied him due process of law and unfairly limited his appeal options; and (c) claim four: ineffective assistance of counsel in violation of the Sixth Amendment, based on counsel's inadequate challenge to violations of the Fourth and Fifth Amendments.

In March 2012, this Court granted Respondent's motion to dismiss the petition as unexhausted.  Docket No. 10.  The Court found that Petitioner had filed a mixed petition, and that only the ineffective assistance of appellate counsel claim based on the Wende brief was exhausted.  Accordingly, the Court required Petitioner to submit either a request to dismiss his unexhausted

United States District Court
For the Northern District of California

3

claims and proceed only with his exhausted claim, or a request to stay the petition while he returned to state court to exhaust his unexhausted claims.  Plaintiff requested a stay which, in May 2012, the Court granted.  Docket No. 12.

In May 2012, Petitioner filed a petition for a writ of habeas corpus in Sonoma County Superior Court.  Petitioner asserted three claims: (a) his motion for a new trial was wrongly denied; (b) ineffective assistance of trial counsel; and (c) actual innocence. Ex. 18.  The Superior Court denied the petition in July 2012, stating that his claim that the motion for a new trial was wrongly denied was or could have been raised on appeal, and because it was raised and denied, raising it again was an abuse of the writ.  Ex. 19.  The Superior Court also found that his actual innocence claim was conclusory and failed to demonstrate actual innocence, and that his ineffective assistance of trial counsel claim was raised and rejected in the 2009 petition, was untimely, and failed to demonstrate ineffective assistance of counsel.

In August 2012, Petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal.  Ex. 20.  The Court of Appeal denied it "for all the same reasons stated by the superior court in its order denying this same petition, along with the fact the petition is untimely, repetitious, and successive." Ex. 21.

In September 2012, Petitioner filed a petition for review of the California Court of Appeal's denial of his habeas petition in the California Supreme Court, which denied it in October 2012.

In November 2012, Petitioner informed this Court that the California Supreme Court had denied his petition, and moved to

reopen the action and lift the stay.  Docket No. 16.  In June

2013, the Court lifted the stay and directed Petitioner to file an

amended petition.  Docket No. 19.

    In July 2013, Petitioner filed an amended petition.  Docket

No. 23.

II.  Statement of Facts

    On August 18, 2007, Nicole Lewis and her two daughters, aged

five and two, visited Mother's Beach on the Russian River in

Sonoma County.  Ms. Lewis's eldest daughter told her mother that

she had seen something in a bush nearby.  Ms. Lewis dismissed the

child's concern.  The child again told her mother she had seen

something in the bushes.  This second time, Ms. Lewis turned to

see what the child was talking about.  At trial, Ms. Lewis

testified that she saw Petitioner in the bushes masturbating.  She

described seeing Petitioner touching his erect penis while looking

toward her and her daughters.  Ms. Lewis testified that after she

yelled at Petitioner, he walked away very quickly with a slight

limp.

    In her description to the police, Ms. Lewis identified the

man who exposed himself to her and her daughters as weighing

between 170 and 200 pounds, with a gray mustache and stubbly

beard.  At trial, Ms. Lewis identified Petitioner as the man who

exposed himself to her and her daughters.

                        LEGAL STANDARD

    A federal court may entertain a habeas petition from a state

prisoner "only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a).  Under the Antiterrorism and Effective Death

United States District Court
For the Northern District of California

Penalty Act (AEDPA) of 1996, a district court may not grant habeas relief unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Id.</u> at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, that is, it falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Id.</u> at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. <u>Id.</u> at 409. Under AEDPA, the writ may be granted only "where there is no possibility fairminded jurists could disagree

United States District Court
For the Northern District of California

that the state court's decision conflicts with this Court's precedents." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d). Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).

DISCUSSION

I.   First Ground for Relief: Trial Court's Denial of a New Trial

Petitioner claims that he was denied due process under the Fourteenth Amendment when the trial court judge wrongly denied his motion for a new trial. Respondent argues that this claim is untimely, not cognizable, and meritless.

A.   Timeliness

Respondent argues that this claim is untimely because it was first raised in a federal petition after the one-year statute of limitations, does not relate back to the exhausted claim in the original petition and is procedurally barred.

1.   Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by

presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

In its March 2012 Order dismissing Petitioner's original habeas petition, the Court did not determine whether this claim was exhausted for purposes of federal review because it determined that, in his original petition, Petitioner had not raised a claim specifically challenging the denial of his motion for a new trial. Upon further consideration, the Court finds that Petitioner did raise this claim challenging the denial of his motion for a new trial in his original petition.  See Docket No. 1 at 7 ("Ineffective counsel, and resulting denial of new trial, created a situation where due process of law failed") and 8 ("It must be determined by this Court if the trier of fact, and subsequent appellate court and Habeas Corpus Petitions, unfairly denied due process of law in denying a motion for new trial. . .") Furthermore, Petitioner raised this issue in his 2009-2010 state habeas review process.  Thus, the Court finds that this claim was raised in the original petition and is exhausted for federal review, and declines to deny habeas relief for this claim on the ground that it is unexhausted.

United States District Court
For the Northern District of California

2.    One-year statute of limitations

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review.  28 U.S.C. § 2244(d)(1).  AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.  Mardesich v. Cate, 668 F.3d 1164, 1169-71 (9th Cir. 2012) (claim-by-claim approach consistent with Supreme Court dicta in Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005), which suggested that § 2244(d)(1)(B)-(D) required claim-by-claim consideration).

Respondent argues that because this claim does not relate back to the only exhausted claim in Petitioner's original petition, raising it now is untimely for purposes of the one-year AEDPA limitations rule.  However, as discussed above, this argument is irrelevant because the claim was raised and exhausted in the original petition.

3.    State procedural bar

A federal court will not review questions of federal law decided by a state court if the decision rests on a state law ground that is independent of the federal question and adequate to support the judgment.  Walker v. Martin, 131 S. Ct. 1120, 1127 (2011); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).  In Walker, the United States Supreme Court held that California's timeliness bar was an adequate procedural rule that bars federal habeas review.  Id. at 1128-31.

9

**United States District Court**
For the Northern District of California

In its July 2012 review, the Superior Court of Sonoma County found that, because Petitioner's claim that the trial court wrongly denied his motion for a new trial was or could have been raised on appeal, Petitioner was procedurally barred from raising it in his state habeas petition.  Ex. 19.  Furthermore, the Superior Court found that, because the claim was raised on appeal and denied, raising it in his state habeas petition was an abuse of the writ.  Id.  In its August 2012 review, the Court of Appeal denied the petition "for all reasons the stated by the superior court . . . along with the fact that the petition is untimely, repetitious, and successive."  Ex. 21.  Thus, Petitioner's claim that the trial court erroneously denied his motion for a new trial in violation of due process is procedurally barred.

B.   Non-cognizable claim

Petitioner argues that, as a result of not receiving a new trial, he has been denied due process in violation of the Fourteenth Amendment.  Petitioner admits, however, that he "does not challenge the process by which the trial court denied the motion for a new trial . . . but the fact that the Petitioner was not allowed to argue his new and exonerative facts or enter them on record."  Traverse, Docket No. 28 at 4.

A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  A federal court can disturb on due process grounds a state court's procedural or evidentiary ruling only if the ruling was arbitrary or so prejudicial that it rendered the trial fundamentally unfair.

1  See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995); Colley

2  v. Sumner, 784 F.2d 984, 990 (9th Cir. 1986).

3       As discussed below, the trial court considered Petitioner's

4  post-trial evidence and arguments as presented in his counsel's

5  brief supporting his motion for a new trial.  Petitioner raised

6  this issue on appeal, and the Court of Appeal ruled that there

7  were "no procedural irregularities apparent in the record as to

8  the assignment of trial to Judge Antolini, and no arguable due

9  process or speedy trial violations."  Ex. 7 at 4.  Petitioner does

10  not present any other theory as to why a denial of a new trial

11  violated his Fourteenth Amendment right to due process.  Thus,

12  Petitioner has not stated a cognizable ground of federal habeas

13  relief.

14       C.   Actual Innocence

15       Petitioner argues that had the trial judge considered

16  additional evidence, not only would he have granted the motion for

17  a new trial, he would have found Petitioner innocent of the

18  indecent exposure charge.

19       In cases in which a state prisoner has defaulted his federal

20  claims in state court pursuant to an independent and adequate

21  state procedural rule, federal habeas review of the claims is

22  barred unless the prisoner can demonstrate cause for the default

23  and actual prejudice as a result of the alleged violation of

24  federal law, or demonstrate that failure to consider the claims

25  will result in a fundamental miscarriage of justice.  Coleman, 501

26  U.S. at 750.

27       Petitioner has failed to show cause and prejudice or that

28  failure to consider his claims will result in a fundamental

miscarriage of justice.  He claims that by denying his motion for a new trial, he was barred from arguing his "new and exonerative facts or enter them on record," and this then prejudiced him in all future actions and appeals and constituted a gross miscarriage of justice.  Traverse, Docket No. 28 at 4.  However, Petitioner's counsel filed a motion for a new trial on Petitioner's behalf that included the "evidence" that Petitioner claims not to have been given the opportunity to present –– namely, that the witness erroneously said she saw Petitioner engage in the same behavior years earlier when, in fact, Petitioner was incarcerated.  Ex. 1 at 184-187.  Contrary to Petitioner's unsubstantiated contention that the trial judge did not read or consider the motion, the trial judge indicated that he considered the motion, see Ex. 4 at 2203, prior to denying it.

Petitioner claims that, due to his actual innocence, the Court's refusal to consider this claim despite it being procedurally barred would result in a fundamental miscarriage of justice.  However, as discussed in greater detail below, Petitioner does not present any evidence to suggest that he is actually innocent of the indecent exposure charge.  Because Petitioner has failed to show cause or prejudice or a fundamental miscarriage of justice, his claim that the trial judge's denial of his motion for a new trial violated his due process rights is barred from federal habeas review.  See Coleman, 501 U.S. at 750.

Accordingly, for the foregoing reasons, the Court DENIES the petition for habeas relief on the grounds that the trial court erroneously denied Petitioner a new trial in violation of due process.

II.   Second Ground for Relief: Ineffective Assistance of Counsel

Petitioner contends that both his trial counsel and his appellate counsel were ineffective in violation of his Sixth Amendment right to effective counsel.

A.   Trial Counsel

Petitioner asserts that trial counsel was ineffective for several reasons: failure to communicate, repeated failures to present important evidence at trial and failure to "properly and forcefully explain the Constitutional violations made during his arrest of the 5th Amendment."  Am. Pet., Docket No. 23 at 7.

1.   Timeliness

As noted above, California's timeliness bar is a procedural rule that bars federal habeas review.  Walker, 131 S. Ct. at 1128-31.  In its July 2012 review, the Superior Court of Sonoma County found that, because Petitioner's claim for ineffective assistance of counsel was raised in his 2009 petition, raising it again was an abuse of writ.  Ex. 19.  In its August 2012 review, the Court of Appeal denied the petition "for all the reasons stated by the superior court . . . along with the fact that the petition is untimely, repetitious, and successive."  Ex. 21.  Thus, Petitioner's claim for ineffective assistance of trial counsel is procedurally barred by California's timeliness rule.

As discussed in further detail below, because Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice, his claim that his trial counsel rendered ineffective assistance is barred from federal habeas review.  See Coleman, 501 U.S. at 750.

United States District Court
For the Northern District of California

1            2.   Merits

2       In addition to being procedurally barred, Petitioner's claim

3  for ineffective assistance of trial counsel is without merit.  In

4  order to prevail on a Sixth Amendment ineffectiveness of counsel

5  claim, Petitioner must establish two things.  First, he must

6  establish that counsel's performance was deficient, i.e., that it

7  fell below an "objective standard of reasonableness" under

8  prevailing professional norms.  Strickland v. Washington, 466 U.S.

9  668, 687-88 (1984).  A habeas petitioner has the burden of showing

10 through evidentiary proof that counsel's performance was

11 deficient.  See Toomey v. Bunnell, 898 F.2d 741, 743 (9th Cir.

12 1990).  Second, he must establish that he was prejudiced by

13 counsel's deficient performance, i.e., that "there is a reasonable

14 probability that, but for counsel's unprofessional errors, the

15 result of the proceeding would have been different."  Strickland,

16 466 U.S. at 694.  A reasonable probability is a probability

17 sufficient to undermine confidence in the outcome.  Id.  "The

18 likelihood of a different result must be substantial, not just

19 conceivable."  Harrington v. Richter, 131 S. Ct. 770, 792 (2011)

20 (citing Strickland, 466 U.S. at 693).

21      Petitioner presents a laundry list of his trial counsel's

22 alleged failures.  See Am. Pet., Docket No. 23 at 6.  He does not,

23 however, present any evidence to show that trial counsel's

24 performance fell below an objective standard of reasonableness.

25      Petitioner claims that counsel did not "properly" investigate

26 the witnesses, failed to impeach them or "ask important questions

27 of the witness at trial."  Id.  He does not, however, state what a

28 proper investigation would have uncovered, in what way the

witnesses were impeachable or what important questions were not asked.

Petitioner also claims that, against his wishes, counsel failed to call him as a witness even though Petitioner "demanded his say." Id. The trial record indicates that when the trial judge asked Petitioner's counsel if he had any further witnesses, counsel asked for one moment, presumably to consult with Petitioner, before saying, "No, your honor. No further witnesses." Reporter's Transcript (RT) 1652. Petitioner could have demanded "his say" but chose not to do so.

Petitioner claims that counsel failed to demonstrate his disabilities "which would show impossibility of his committing the crime." Id. As Respondent points out, however, any testimony about Petitioner's inability to walk on the beach due to his previous strokes or other physical issues would have been impeached by his testimony at the motion to suppress that while he has had two strokes, he "recovered really, really well" and that physically he was "mostly recovered." RT 1025-6. His caregiver also testified that Petitioner walked to catch a bus and was able to go grocery shopping on his own. Petitioner maintains that counsel failed to present evidence that his medical issues made it impossible for him to have the erection Ms. Lewis testified to having seen. Petitioner does not, however, present any independent and verifiable evidence of this disability. Petitioner's claims of erectile dysfunction are self-serving, and counsel was not unreasonable for not introducing those claims at trial.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Accordingly, for the reasons discussed above, Petitioner has not satisfied his burden to show that trial counsel's performance was deficient.  It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the <u>Strickland</u> test if the petitioner cannot even establish incompetence under the first prong.  See <u>Siripongs v. Calderon</u>, 133 F.3d 732, 737 (9th Cir. 1998).  Thus, Petitioner's request for habeas relief on this ground is DENIED.

B.   Appellate Counsel

Petitioner asserts that his appellate counsel was ineffective when she submitted a <u>Wende</u> brief to the Court of Appeal, thereby depriving him of adequate legal representation during the appeal.

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right.  <u>Evitts v. Lucey</u>, 469 U.S. 387, 391-405 (1985).  Claims of ineffective assistance of appellate counsel are also reviewed according to the standard set out in <u>Strickland</u>, 466 U.S. at 668.  <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).  First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a meritorious issue.  <u>Id.</u>  Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal.  <u>Id.</u>  Appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by the defendant.  <u>Jones v. Barnes</u>, 463

16

U.S. 745, 751-54 (1983).  The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.  Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Appellate counsel therefore will frequently remain above an objective standard of competence and have caused his client no prejudice for the same reason-- because he declined to raise a weak issue.  Id.

Petitioner has not shown that appellate counsel acted unreasonably in failing to discover and brief a meritorious issue. In this case, appellate counsel filed a Wende brief, a procedure approved by the Supreme Court in Smith, 528 U.S. at 284.  Under this procedure, appellate counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case. Counsel attests to having reviewed the record, explained his evaluation of the case to the client, provided the client with a copy of the brief, and informed the client of his or her right to file a pro se supplemental brief.  Counsel further requests that the appellate court independently examine the record for arguable issues.  See Smith, 528 U.S. at 265 (citing Wende).  The appellate court, upon receiving a Wende brief, conducts a review of the entire record and affirms if it finds the appeal to be frivolous. A California prisoner cannot state a constitutional claim simply because the Wende procedure was used.  See id. at 284-85.

Petitioner's counsel was not unreasonable when she filed her Wende brief because there were no non-frivolous issues to raise on appeal, as affirmed in the written opinion of the Court of Appeal. See Ex. 7 ("Upon our independent review of the record we conclude

17

United States District Court
For the Northern District of California

there are no meritorious issues to be argued, or that require further briefing.")  Furthermore, Petitioner fails to state what those non-frivolous issues were, except for his claim of actual innocence, which, as discussed elsewhere, is non-meritorious. Thus, Petitioner fails to show ineffectiveness of appellate counsel.

As noted above, the Court need not address the prejudice prong of the Strickland test if Petitioner cannot even establish incompetence under the first prong.  See Siripongs, 133 F.3d at 737.  Thus, Petitioner's request for habeas relief on this ground is DENIED.

III. Third Ground for Relief: Actual Innocence

Petitioner contends that, had he been able to present exculpatory evidence, he would not have been found guilty of the indecent exposure charge.

If a state prisoner cannot meet the cause and prejudice standard, a federal court may still hear the merits of the successive, abusive, procedurally defaulted or untimely claims if the failure to hear the claims would constitute a "miscarriage of justice."  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013).  The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of

legal error.  Id. at 321.  It is not enough that the evidence show the existence of reasonable doubt, the petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him."  Id. at 329.  As the Ninth Circuit has put it, "the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [p]etitioner guilty."  Van Buskirk v. Baldwin, 265 F.3d 1080, 1084 (9th Cir. 2001).

Petitioner has not met this burden.  Petitioner claims that Ms. Lewis's description of the perpetrator and his behaviors was inconsistent with his actual appearance and abilities.  At trial, Ms. Lewis stated that the man who exposed himself to her and her daughters was between 170 and 200 pounds, and had a gray mustache and stubbly beard.  Petitioner states that he weighed over 300 pounds, and his caregiver testified that he was clean-shaven the day prior to the crime.  Ms. Lewis also testified that, after she yelled at him, Petitioner "didn't run away, but took off very quickly."  RT 1619.  Petitioner argues that due to various health problems, including two strokes and Parkinson's disease, he "could not walk on a beach, let alone run off."  Am. Pet., Docket No. 23 at 9.

Petitioner's counsel cross-examined Ms. Lewis and asked her specifically about various parts of her testimony, including her description of the perpetrator.  On cross-examination, Ms. Lewis stated that the perpetrator had a "slight" limp that "wasn't very noticeable.  You would have to be paying attention to notice it."  RT 1621.  Petitioner's counsel argued to the judge that Ms. Lewis

**United States District Court**
For the Northern District of California

had misidentified Petitioner, and pointed to the incongruity of her description with Petitioner's actual characteristics.

While this incongruity may provide some doubt of the accuracy of Ms. Lewis's identification, it does not rise to the level of doubt such that, had they considered it, "no 'reasonable juror' would have convicted him." As the trial judge commented, the issue in this case was not whether a crime had been committed, but the identity of the person who committed it. Ms. Lewis's description of the perpetrator was not so incompatible with Petitioner's characteristics as to make her in-court identification unpersuasive. Of particular significance to the trial judge, Ms. Lewis's in-court identification was without hesitation, giving credibility to her testimony.

Further, while Petitioner claimed that he was unable to move as quickly as Ms. Lewis indicated, his caregiver, in her testimony, stated that he was able to walk and go grocery shopping on his own. Thus, Ms. Lewis's testimony and identification are not so far removed from Petitioner's actual appearance and abilities to call into question the trial court's determination that, given all the evidence presented at trial, the man who committed this crime and Petitioner were one and the same. Even if Petitioner could show constitutional errors in this case (which he cannot), he does not present any strong evidence of actual innocence.

Accordingly, Petitioner fails to meet the Schlup standard for a finding of a miscarriage of justice due to actual innocence. Thus, Petitioner's request for habeas relief on this ground is DENIED.

**United States District Court**
For the Northern District of California

IV.   Evidentiary Hearing

A habeas petitioner is entitled to an evidentiary hearing on disputed facts where his allegations, if proven, would entitle him to relief.  Perez v. Rosario, 459 F.3d 943, 954 n.5 (9th Cir. 2006); Williams v. Calderon, 52 F.3d 1465, 1484 (9th Cir. 1995).  Petitioner is not entitled to an evidentiary hearing because he has failed to present any allegations which, if proven, would entitle him to relief.

V.   Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling.  Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  28 U.S.C. § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court finds that reasonable jurists would not find its ruling on any of Petitioner's claims debatable or wrong. Therefore, a certificate of appealability is denied.

Petitioner may not appeal the denial of a certificate of appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The request for an evidentiary hearing is denied.

2. The petition for a writ of habeas corpus is denied.

3. The Clerk of the Court shall enter a separate judgment, terminate all pending motions and close the file.

4. A certificate of appealability is denied.

IT IS SO ORDERED.


Dated: 05/05/2015

_____
CLAUDIA WILKEN
United States District Judge